IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LORETHA GOODGAME, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO: |
| | ) | 2:19-CV-241-WC |
| CREDIT ACCEPTANCE | ) | |
| CORPORATION; ALLSTAR | ) | DEMAND FOR JURY TRIAL |
| RECOVERY, LLC., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## PLAINTIFF'S COMPLAINT

**COMES NOW** the Plaintiff, Loretha Goodgame, in the above-styled cause and for her Complaint against the Defendants states the following:

### PARTIES

1. The Plaintiff, Loretha Goodgame is a resident and citizen of the state of Alabama, Coosa County, and is over the age of twenty-one (21) years.

2. The Defendant, Credit Acceptance Corporation ("CAC"), is a foreign corporation and was, in all respects and at all times relevant herein, doing business in the state of Alabama, and is registered to do

business in Alabama.

3.     The Defendant, Allstar Recovery, LLC ("Allstar Recovery"), is a foreign entity and was, in all respects and at all times relevant herein, doing business in the state of Alabama. The Defendant is engaged in the business of collecting consumer debts by using non-judicial self-help action in the repossession of automobiles from consumers residing in Coosa County, Alabama and is a "debt collector," as defined by the FDCPA.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, § 1332, and § 1367. Venue is proper in that the Defendants transacted business here, and the Plaintiff resides here.

## FACTUAL ALLEGATIONS

5.     On or about February 23, 2017, Plaintiff purchased a 2015 Chrysler 200 ("the Vehicle") and executed a financing and security agreement for the Vehicle with Defendant CAC.

6.     In or around early January 2019, upon information and belief, Defendant CAC purportedly considered the Plaintiff's financing agreement to be in default.

7.    Plaintiff contacted Defendant CAC and the Defendant CAC agent stated to Plaintiff that she could arrange to bring the account current by setting up biweekly payments through CAC's online portal and by making the payments, Plaintiff would be allowed to keep the Vehicle.

8.    Plaintiff set up the biweekly payments through Defendant CAC's online portal and made the payments as agreed.  She also continued to make her regular payment as agreed.

9.    In or around late January 2019, Defendant CAC contracted with Defendant Allstar Recovery for the non-judicial self-help repossession of the Vehicle.

10.   On or around January 24, 2019 at approximately 5:00 AM, a Defendant Allstar Recovery agent went to Plaintiff's home to take possession of the Vehicle.

11.   At this time, Plaintiff was home with her fiancé and two (2) children.

12.   Plaintiff woke up, went outside, and objected the Defendant Allstar Recovery agent taking the Vehicle.

13.   In addition, Plaintiff showed the Defendant Allstar Recovery agent the confirmation that the payments had been made.

14.   In response, the Defendant Allstar Recovery Agent stated he had an

active repossession order from Defendant CAC and continued with
the repossession dispute the objection.

15.  Plaintiff called her father, Larry Goodgame, who immediately drove
over and attempted to block the driveway so that the Defendant
Allstar Recovery agent could not drive off.

16.  Plaintiff attempted to contact Defendant CAC and have it cancel the
repossession but the office was not yet open.

17.  Plaintiff continued to object to repossession and asked the Defendant
Allstar Recovery agent to wait until the Defendant CAC office
opened.

18.  The Defendant Allstar Recovery agent would not wait and drove off
the Vehicle.

19.  Shortly after driving off, Plaintiff spoke with the Defendant Allstar
Recovery agent and the agent stated that the repossession order was
showing "pending closed."

20.  Instead of bringing the Vehicle back to Plaintiff, the Vehicle was
taken to Moody, Alabama.

21.  Plaintiff paid her mother $20.00 for gas to get from her home in
Goodwater, Alabama to Moody, Alabama in order to recover her car

that should not have been repossessed at all.

22.    Due to these actions, Plaintiff suffered a temporary loss of the
       Vehicle, shame, anxiety, metal distress, and accompanying physical
       damages.

## COUNT ONE
## NEGLIGENCE CLAIM AGAINST DEFENDANTS

23.    The Plaintiff adopts the averments and allegations hereinbefore as if
       fully set forth herein.

24.    The Defendants were under a duty not take the Vehicle because
       Plaintiff was making her agreed payments or breach the peace during
       the repossession of the Vehicle.

25.    The Defendants breached that duty.

26.    As a proximate cause of Defendants' negligence, Plaintiff suffered a
       temporary loss of the Vehicle, shame, anxiety, metal distress, and
       accompanying physical damages

## COUNT TWO
## WANTONNESS CLAIM AGAINST DEFENDANTS

27.    The Plaintiff adopts the averments and allegations hereinbefore as if
       fully set forth herein.

28.    Defendants, with reckless disregard of the natural or probable

consequences of its actions, acted in a manner that resulted in an unlawful repossession attempt of the Vehicle.

29. Defendants knew, or should have known, that their actions would likely or probably result in injuries such as those sustained by Plaintiff.

30. As a proximate cause of Defendants' wantonness, Plaintiff suffered a temporary loss of the Vehicle, shame, anxiety, metal distress, and accompanying physical damages.

## COUNT THREE
## TRESPASS CLAIM AGAINST DEFENDANTS

31. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

32. The Defendants intentionally, forcibly, and unlawfully intruded on Plaintiff's property and remained after Plaintiff objected to the repossession.

33. As a result of the Defendants conduct, Plaintiff suffered a temporary loss of the Vehicle, shame, anxiety, metal distress, and accompanying physical damages.

## COUNT FOUR
## FDCPA CLAIM AGAINST DEFENDANT ALLSTAR RECOVERY

34.    The Plaintiff adopts the averments and allegations of all the above

paragraphs hereinbefore as if fully set forth herein.

35.    The Defendant has engaged in collection activities and practices in

violation of the Fair Debt Collection Practices Act.

36.    Defendant took non-judicial action to effect dispossession of the

Vehicle without a present right of possession in violation of 15 U.S.C.

§ 1692f(6);

37.    As a result of Defendant's conduct, Plaintiff suffered a temporary loss

of the Vehicle, shame, anxiety, metal distress, and accompanying

physical damages

## COUNT FIVE
## INVASION OF PRIVACY AGAINST DEFENDANTS

38.    The Plaintiff adopts the averments and allegations of all the above

paragraphs hereinbefore as if fully set forth herein.

39.    The Defendants undertook and/or directed actions to the Plaintiff

constituting an invasion of privacy, as set out and described in the

common law of the State of Alabama.  Said actions were made in

disregard for Plaintiff's right to privacy.

40.    Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy.

41.    Said communications constitute the wrongful intrusion into her solitude and seclusion.

42.    As a result of Defendants' conduct, Plaintiff suffered a temporary loss of the Vehicle, shame, anxiety, metal distress, and accompanying physical damages

### AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands a judgment against the Defendants as follows:

43.    Compensatory and punitive damages against the Defendants;

44.    Remedies available under the FDCPA against Defendant Allstar Recovery, including statutory damages, costs and attorneys' fees and any other compensatory damages pursuant to 15 U.S.C.§1692k; and,

45.    Such other and further relief that this Court deems necessary, just and proper.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**

_____
W. WHITNEY SEALS,
Attorney for Plaintiff

Page 8 of 9

**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@cochrunseals.com

JOHN C. HUBBARD
Attorney for Plaintiff

**OF COUNSEL:**

**JOHN C. HUBBARD, LLC**
P.O. Box 953
Birmingham, AL 35201
Telephone: (205) 378-8121
Facsimile: (205) 690-4525
jch@jchubbardlaw.com

**PLAINTIFF'S ADDRESS:**
Ms. Loretha Goodgame
1490 Coosa County Road 52
Goodwater, AL 35072

**PLEASE SERVE THE DEFENDANT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO:**

**CREDIT ACCEPTANCE CORPORATION**
C/O Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL  36104

**ALLSTAR RECOVERY, LLC**
C/O Capitol Corporate Services, Inc.
2 North Jackson Street, Suite 605
Montgomery, AL  36104